Filed 9/3/25  P. v. Dyar CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAVID DYAR,<br><br>    Defendant and Appellant. | 2d Crim. No. B340776<br>(Super. Ct. No. 2021020716)<br>(Ventura County) |

David Dyar appeals from an order terminating mandatory supervision and sentencing him to the remaining 999 days of a five-year sentence for possession for sale of a controlled substance in violation of Health and Safety Code[1] section 11378, a felony.

In a Second Amended Felony Complaint filed May 26, 2022, Dyar was charged with the following crimes:  1) count one - possession for sale of a controlled substance, to wit, heroin, in violation of section 11351, a felony; 2) count two - possession for

---

[1] Further undesignated statutory references are to the Health and Safety Code.

sale of a controlled substance, to wit, fentanyl, in violation of section 11351, a felony; and 3) count three - possession for sale of a controlled substance, to wit, methamphetamine, in violation of section 11378, a felony.

As to count three it was further alleged the substance exceeded one kilogram in weight pursuant to section 11370.4, subdivision (b)(1) and the crime involved a large quantity of contraband pursuant to California Rules of Court, Rule 4.421, (a)(10).

On July 20, 2022, Dyar pleaded guilty to count three and admitted both allegations. The trial court found there was a factual basis for the plea based on the police reports and probation report. Defense counsel joined in the waiver of rights and plea.

On October 21, 2022, pursuant to the negotiated plea, the trial court sentenced Dyar to five years county jail as follows: the middle term of two years, plus three years pursuant to section 11370.4, subdivision (b)(1), consisting of a split sentence of two years in county jail and three years on mandatory supervision as to count three. On a separate case (Case No. 2022021893), the trial court imposed a consecutive term of one-third the middle term of two years (eight months) as to count one (§ 11378). The trial court ordered the remaining counts dismissed.

On June 20, 2024, the probation officer filed a Notice of Charged Violations of Probation, alleging Dyar violated the terms of his mandatory supervision by failing to obey all laws, failing to report to probation, using methamphetamine, failing to make himself available for drug testing, failing to pay fines, failing to submit proof of enrollment in substance use treatment and associating with a person using a controlled substance. The trial court revoked mandatory supervision.

2

At the contested probation violation hearing on August 22, 2024, the parties submitted on the Notice of Charged Violations of Probation filed June 20, 2024, pursuant to *People v Gomez* (2010) 181 Cal.App.4th 1028, 1033-1039, and the trial court found Dyar in violation of mandatory supervision by failing to report to probation, failing to submit to drug testing, failing to pay restitution fee and crime lab fee, and failing to enroll in substance use treatment, revoked and terminated mandatory supervision, and sentenced Dyar to the balance of the sentence of 1,124 days in county jail.  On September 11, 2024, the court corrected the credits and sentenced Dyar to the balance of 999 days remaining in county jail.

We appointed counsel to represent Dyar in this appeal. After counsel examined the record, she filed an opening brief raising no arguable issues.  On June 23, 2025, we advised Dyar by mail that he had 30 days to file a supplemental brief to raise any issues he wished us to consider.  We have not received a response.

We have reviewed the entire record and are satisfied no arguable issue exists.  (*People v. Wende* (1979) 25 Cal.3d 436, 441-443.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


CODY, J.

We concur:



YEGAN, Acting P.J.          BALTODANO, J.


3

Derek Malan, Judge
Superior Court County of Ventura

_____

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.